**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Hayden Daugherty,<br><br>    Plaintiff,<br><br>vs.<br><br>Allstate Property and Casualty Insurance Company, et al.,<br><br>    Defendants. | No. CV-25-08074-PCT-SPL<br><br>**ORDER** |

Before the Court is Defendant Allstate Property and Casualty Insurance Company's ("Defendant") Motion to Change Venue/Transfer Case. (Doc. 4). For the reasons that follow, the Motion will be granted.

Plaintiff, who resides in Davidson County, Tennessee, brought this action against Defendant Allstate, a Delaware corporation, and various fictitious defendants. (Docs. 1 at 4, 1-1 at 5). On February 21, 2024, while traveling through Arizona, Plaintiff was in a car accident with an uninsured motorist and sustained injuries. (Doc.1-1 at 6). Plaintiff had automobile insurance, including uninsured motorist coverage, through Defendant. (*Id.* at 7). After recovering the liability limits of the insurance policy covering the negligence of the uninsured driver, Plaintiff made a claim against the uninsured portion of the policy. (*Id.*). Plaintiff alleges that Defendant then failed to adequately investigate or consider his claims, reasonably and promptly pay him for his losses, and inform him of his rights and obligations under his insurance policy. (*Id.*).

On February 7, 2025, Plaintiff filed this suit in Mohave County Superior Court,

alleging three claims: (1) breach of contract, (2) bad faith, and (3) uninsured motorist benefits. (Doc. 1-1). Defendant Allstate removed the suit to federal court on April 3, 2025. On April 4, 2025, Defendant filed the present Motion requesting the Court transfer the action to the United States District Court for the Middle District of Tennessee. (Doc. 4). Plaintiff did not file a Response to the Motion. Following Plaintiff's failure to respond, Defendant filed an Affidavit in Support of its Motion. (Doc. 12).

Section 1404(a) of the Judicial Code provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). A district court typically may consider several factors in determining whether to transfer venue, including the extent of the parties' contacts with the forum, the contacts in the forum relating to the plaintiff's cause of action, the availability of non-party witnesses, and the accessibility of evidence. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000). This analysis is slightly altered when the parties have agreed to a contract containing a valid forum-selection clause. *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 63 (2013). In such circumstances, "a valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases." *Id.* (quoting *Stewart Org., Inc., v. Ricoh Corp.*, 487 U.S. 22, 33 (1988) (Kennedy, J., concurring)).

In this case, the insurance policy provides that "any and all lawsuits in any way related to this policy shall be brought, heard, and decided only in a state or federal court located in Tennessee" and that "all claims or disputes in any way related to this policy shall be governed by the laws of Tennessee." (Docs. 4 at 3; 4-2 at 37). Forum selection clauses are presumptively valid unless the party challenging the clause clearly shows that "enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching." *Meridian PO Fin. LLC v. OTR Tire Group Inc.*, 507 F. Supp. 3d 1148, 1155 (D. Ariz. 2020) (citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972)). Plaintiff, having failed to file a Response to the present Motion, makes

no argument that the clause is invalid. Thus, the clause strongly weighs in favor of transferring the case. Additionally, the Middle District of Tennessee is more familiar with the governing law in this case, which weighs in favor of transfer. *See Conte v. Ginsey Indus., Inc.*, 2012 WL 3095019, at 2 (D. Ariz. 2012) (considering "having a judge who is familiar with the applicable law try the case" as a factor favoring transfer) (internal citations omitted).

Moreover, the Court finds that the other relevant considerations weigh against this Court's retention of the action, as well. Although Plaintiff selected a state court within Arizona as the venue of this action—presumably because the action underlying the insurance contract dispute took place in Arizona—the issues in this case deal solely with Defendant Allstate's contractual duties to Plaintiff pursuant to his insurance policy. Plaintiff is a Tennessee citizen in the Middle District of Tennessee and obtained his insurance policy through an Allstate agency in Nashville, Tennessee. (Doc. 4 at 2). As such, none of the parties are domiciled in Arizona, and remaining in this forum would cause the parties to face the burden of costs associated with litigating this suit in a non-resident state.

Furthermore, "[t]he convenience of witnesses is said to be the most important factor" when considering a transfer motion. *F.T.C v. Wyndham Worldwide Corp.*, No. CV 12–1365–PHX–PGR, 2013 WL 1222491, at 3 (D. Ariz. 2013). Plaintiff has not identified any witnesses located in Arizona. Plaintiff also has not alleged that any documents related to the litigation are located in Arizona. *See Bratton v. Schering-Plough Corp.*, No. CV07-0653-PHX-JAT, 2007 WL 2023482, at *5 (D. Ariz. July 12, 2007) (transferring a case from the District of Arizona to the "center of discovery").

In sum, Defendant has sufficiently shown a "strong showing of inconvenience" in litigating this case in Arizona rather than Tennessee, and Plaintiff has failed to rebut—indeed, Plaintiff failed to attempt to rebut—this showing. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 2000); *see also* LRCiv 7.2(i) (failure to file a timely response "may be deemed a consent to the . . . granting of the motion

3

and the Court may dispose of the motion summarily."). In light of the insurance policy's forum-selection clause, and upon consideration of the other relevant factors, the Court finds that the Middle District of Tennessee is a more suitable venue for the case based on the convenience of the parties and the interest of justice. Accordingly,

**IT IS ORDERED** that Defendant's Motion (Doc. 4) is **granted**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall **transfer** this matter to the United States District Court for the Middle District of Tennessee and shall **terminate** this case in the District of Arizona.

Dated this 5th day of May, 2025.

Honorable Steven P. Logan
United States District Judge